UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:20-cv-68-RJC-DSC

| | |
|---|---|
| **GIRAUD HOWARD HOPE,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) |
| | ) **ORDER** |
| **DEPARTMENT OF HEALTH AND** | ) |
| **HUMAN SERVICES, et al.,** | ) |
| | ) |
| **Defendants.** | ) |

**THIS MATTER** is before the Court on initial review of the *pro se* Complaint, (Doc. No. 1), and on Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs, (Doc. No. 2). Defendant United States Department of Health and Human Services, Office of the Inspector General, Office of Investigations ("HHS-OIG"), has filed a Motion to Dismiss and in the Alternative for Summary Judgment, (Doc. No. 3).[1]

**I.    BACKGROUND**

Plaintiff, a psychologist who resides in Charlotte, filed this lawsuit against HHS-OIG and HHS Deputy Reviewing Official Joann M. Francis due to his exclusion from participating in federal healthcare programs. Plaintiff asserts jurisdiction pursuant to 28 U.S.C. § 1331 based on "Fair Credit Reporting Act of 1970; 14th Amendment US Constitution; 4th Amendment US Constitution; Civil Rights Act of 1964." (Doc. No. 1 at 3).

According to Plaintiff, the date and time of events giving rise to this claim are February 9, 2011 (the date he pled guilty in case number 3:11-cr-2-MOC-1), and May 20, 2012 when HHS

---

[1] Defendant HHS-OIG filed this Motion on special appearance as it has not yet been served. See (Doc. No. 4 at 1 n.2). Defendant further notes that the appropriate party is HHS, not Ms. Francis, but nevertheless the same defenses apply to her. (Id. at 1 n.1).

1

excluded him from participation in Medicare, Medicaid, and all federal health care programs defined in § 1128B(f) of the Social Security Act ("SSA") for a minimum of 10 years, (Doc. No. 1-1 at 4). See (Doc. No. 1 at 5).

Plaintiff pled guilty in federal district court to one count of conspiracy to commit healthcare fraud in violation of 18 U.S.C. § 1349, case number 3:11-cr-2-MOC-1. (3:11-cr-2, Doc. No. 8). The Court sentenced Plaintiff below the advisory sentencing guidelines to 15 months in prison followed by supervised release. (3:11-cr-2, Doc. No. 15). The Judgment was entered on November 3, 2011 and Plaintiff did not appeal.

Plaintiff successfully completed his term of imprisonment and began serving supervised release, but supervised release was revoked on October 14, 2014, after Plaintiff violated its conditions. Plaintiff was then sentenced to nine months in prison and 24 months of supervised release. (3:11-cr-2, Doc. No. 28). Plaintiff did not appeal.

In 2015, Plaintiff filed *pro se* Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 challenging his 2011 Judgment, case number 3:15-cv-408-MOC. The Motion to Vacate was dismissed as time-barred and the Fourth Circuit dismissed Plaintiff's appeal. (3:15-cv-408, Doc. No. 12); United States v. Hope, 639 Fed. Appx. 961 (4th Cir. May 23, 2016), *cert denied*, 137 S.Ct. 408 (2016) (mem).

Plaintiff filed a second Motion to Vacate in 2017 that again challenged his 2011 Judgment, case number 3:17-cv-14-MOC. The Court dismissed the Motion to Vacate without prejudice as an unauthorized successive § 2255 petition. (3:17-cv-14, Doc. No. 2).

Plaintiff was released from the custody of the Federal Bureau of Prisons on February 17, 2015, and his supervised release expired on February 17, 2017. (3:11-cr-2, Doc. No. 40).

On April 14, 2017, Plaintiff filed a civil rights action challenging the legality of his federal

2

criminal prosecution pursuant to 42 U.S.C. § 1983, case number 3:17-cv-203-FDW. Plaintiff argued, *inter alia*, that counsel was ineffective for failing to introduce evidence of "intervening circumstances of substantial effect" in his federal criminal case, that he was wrongfully convicted and imprisoned, and that he is actually innocent of healthcare fraud conspiracy. (3:17-cv-203, Doc. No. 1). The Court found the action to be barred by Heck v. Humphrey, 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994), because a judgment in Plaintiff's favor would necessarily call the validity of the conviction into question. The Court also concluded that the action was frivolous after reviewing the underlying criminal record. It accordingly dismissed the action on initial review pursuant to 28 U.S.C. § 1915(e)(2) as frivolous and for failure to state a claim. (3:17-cv-203, Doc. No. 6). Plaintiff did not appeal.

In the present action, Plaintiff claims that he was incarcerated in West Virginia when he received a letter from HHS-OIG notifying him of his exclusion from federal healthcare programs for a minimum of five years pursuant to 42 U.S.C. § 1320s-7 and § 1128a1. He subsequently corresponded with Defendant Francis about having his participation in federal healthcare programs reinstated, at which time he was notified that the exclusion period is for a minimum of 10 years pursuant to § 1128Bf in accordance with an exclusion letter dated April 30, 2012. (Doc. No. 1-1 at 4).

Plaintiff argues that any references to his February 9, 2011 conviction for healthcare fraud conspiracy constitute defamation because he has no prior criminal history and exculpatory evidence illustrates that he is actually innocent of that offense. He argues that the North Carolina licensing board's approval of provisional licensure shows that he has "exculpable evidence in the commission for the crime for which he was convicted" and that such information is accessible to this Court through a subpoena. (Doc. No. 1 at 8). He notes that the denial of his post-conviction claims for the

3

last five years have been on procedural grounds, *i.e.*, time-bar and successiveness, but that they were never denied for lack of merit.

Plaintiff argues that counsel never should have allowed charges to be filed against Plaintiff and that evidence against him was "unlawfully requisitioned…," that there is no evidence of his guilt, and that "intervening circumstances" demonstrate that he is not legally responsible for the losses sustained as a result of the offense. (Doc. No. 1 at 8-9). These intervening circumstances include his status as a provisionally licensed student intern, his lack of a Medicaid provider group number, and his powerlessness over the corporation under which he worked as an intern under Dr. Diamant (Hope and Family Behavior), and his lack of any monetary benefit from the alleged conspiracy. The criminal conviction was based on prosecutorial misconduct and ineffective assistance of counsel pursuant to Brady v. Maryland, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963). He claims that deposition of the alleged leader of the conspiracy, Joanna Patronis, would show that she was working as a confidential informant for the FBI and that exculpatory evidence was purposefully withheld, suppressed, and ignored. Plaintiff is protected from liability by the corporate structure of the entity through which the conspiracy was allegedly executed. Plaintiff claims that he was only the registered agent of the corporation, which is a non-profit, and that he had no administrative or executive authority in the corporation and is thus protected from liability for any losses. Plaintiff further argues that he was denied equal protection when he was charged in the conspiracy case while his supervisor, Dr. Diamant, was not criminally charged.

Plaintiff appears to argue that HHS-OIG has disseminated information about his exclusion from federal healthcare programs to publicly accessible credit reporting agencies ("CRA") that characterize him as a "terrorist." (Doc. No. 1 at 7). He claims that the information about his conviction and exclusion should not be reported because the information is more than seven years

4

old. (Doc. No. 1 at 7). He further claims that identifying him as a "terrorist" is untrue, inflammatory, and irreparably damaging to his academic, professional, and personal character, and is damaging to the rest of his life. (Id.).

As relief, Plaintiff seeks to "extinguish[]" his "wrongful conviction" from his record, including HHS's record of "[d]erogatory, inflammatory and slanderous statements" that he was acting as a terrorist, fully reinstate his licenses, certifications, privileges, and status as it existed before the wrongful charges were filed, that the FBI and HHS restore a previously-held email address to Plaintiff along with its "prestine [sic] status," an apology to the Walden University President for the potential harm it was caused during Plaintiff's wrongful incarceration, compensatory damages resulting from Plaintiff's "wrongful conviction and defamation of character," and punitive damages. (Doc. No. 1 at 16).

HHS-OIG has filed a Motion to Dismiss and in the Alternative for Summary Judgment, (Doc. No. 3). It asserts that the Complaint should be dismissed for lack of subject-matter jurisdiction, failure to state a claim upon which relief can be granted, and failure to effect proper service on HHS-OIG. It alternatively argues that summary judgment should be granted based on the administrative record.[2]

## II. APPLICATION TO PROCEED *IN FORMA PAUPERIS*

The Court first addresses Plaintiff's Application to proceed *in forma pauperis*. Plaintiff's affidavit shows that he has $500 per week in come from his employment with a trucking company and that he has had no other sources of income for the past 12 months. (Doc. No. 2 at 1). Plaintiff has no cash, property, a bank account, or any other assets. (Doc. No. 2 at 1). Plaintiff claims that his entire earnings are exhausted by living expenses including rent, food, and care for his disabled wife,

---

[2] Plaintiff filed a Response, (Doc. No. 5), that will not be discussed in this Order because Defendant's Motion is moot as the Complaint fails to survive initial review.

5

and his son. (Doc. No. 2 at 1). Plaintiff's liabilities include restitution in his criminal case of $1,900,000, student loans for $420,000, foreclosures of real property, unpaid contractual agreements, personal loans exceeding $2,900,000, and other outstanding debt totaling $100,000. (Doc. No. 1 at 2).

The Court is satisfied that Plaintiff does not have sufficient funds to pay the filing fee. The Court will, therefore, allow the Application and permit Plaintiff to proceed *in forma pauperis*.

### III.  STANDARD OF REVIEW

Because Plaintiff is proceeding *in forma pauperis,* the Court must review the Complaint to determine whether it is subject to dismissal on the grounds that it is "frivolous or malicious; fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(i)-(iii). The Court must determine whether the Complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989).

Rule 8(a)(2) of the Federal Rules of Civil Procedure requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Erickson v. Pardus, 551 U.S. 89, 93, 127 S.Ct. 2197, 167 L.Ed.2d 1081 (2007). The statement of the claim does not require specific facts; instead, it "need only 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" Id. (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). However, the statement must assert more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." Twombly, 550 U.S. at 555.

A *pro se* complaint must be construed liberally. See Haines v. Kerner, 404 U.S. 519, 520, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972). However, the liberal construction requirement will not permit a

district court to ignore a clear failure to allege facts in the complaint which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

### III. DISCUSSION

First, Plaintiff attempts to asserts a claim under the SSA. Section 405(g) of the SSA specifies the following requirements for judicial review: (1) a final decision of the Secretary made after a hearing; (2) commencement of a civil action within 60 days after the mailing of notice of such decision (or within such further time as the Secretary may allow); and (3) filing of the action in an appropriate district court, in general that of the plaintiff's residence or principal place of business. 42 U.S.C. § 405(g). The second and third of these requirements specify, respectively, a statute of limitations and appropriate venue, and are waivable by the parties. See Weinberger v. Salfi, 422 U.S. 749, 763–64, 95 S. Ct. 2457, 2466, 45 L. Ed. 2d 522 (1975). The requirement that there be a final decision by the Secretary after a hearing consists of two elements, only one of which is purely "jurisdictional" in the sense that it cannot be "waived" by the Secretary in a particular case. Mathews v. Eldridge, 424 U.S. 319, 328, 96 S. Ct. 893, 899, 47 L. Ed. 2d 18 (1976). The waivable element is the requirement that the administrative remedies prescribed by the Secretary be exhausted. The nonwaivable element is the requirement that a claim for benefits shall have been presented to the Secretary. Absent such a claim there can be no "decision" of any type and some decision by the Secretary is clearly required by the statute. Id. Section 405(g)'s exhaustion requirement applies to the Secretary's final exclusion decision after a hearing. 42 U.S.C. § 1320a-7(f)(1) ("any individual … that is excluded … from participation [in federal health care programs] is entitled to reasonable notice and opportunity for hearing thereon by the Secretary to the same extent as is provided in section 405(b) of this title, and to judicial review of the Secretary's final decision after such hearing is provided in section 405(g) of this title."). A narrow exception to the exhaustion requirement exists

7

Case 3:20-cv-00068-RJC-DSC   Document 7   Filed 05/18/20   Page 7 of 12

where, for instance, a plaintiff is presenting a collateral, colorable constitutional claim that would result in irreparable harm. See generally Accident, Injury & Rehab., PC v. Azar, 943 F.3d 195, 200 (4th Cir. 2019). SSA further provides that "[n]o findings of fact or decision of the Commissioner of Social Security shall be reviewed by any person, tribunal, or governmental agency except as herein provided [and] [n]o action against the United States … shall be brought under section 1331 or 1346 of Title 28 to recover on any claim arising under this subchapter." 42 U.S.C. § 405(h).

The Court lacks jurisdiction under the SSA because Plaintiff has failed to present a claim to the HHS Secretary. Absent such a claim, there is no decision of the Secretary that can be judicially reviewed. See Barrett v. HHS, 14 F.3d 26, 27 (8th Cir. 1994) (district court lacked jurisdiction over plaintiff's exclusion under § 1320a-7(a) where plaintiff failed to appeal his exclusion and no exception applied); Kostenko v. U.S. Dep't of Health and Human Servs., 916 F.Supp.2d 661 (S.D.W. Va. 2013) (because a physician did not request a hearing on his exclusion from federal health care programs within 60 days, he did not obtain a final decision of the agency and did not timely exhaust his administrative remedies). Plaintiff's SSA claim will therefore be dismissed.

Next, Plaintiff attempts to state a tort claim for defamation, malicious prosecution and/or false imprisonment. A key jurisdictional prerequisite to filing suit under the FTCA involves the presentation of an administrative claim to the government within two years of the incident. See 28 U.S.C. § 2401(b) (1994) (a tort claim "shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues…."). "[T]he requirement of filing an administrative claim is jurisdictional and may not be waived." Kokotis v. U.S. Postal Serv., 223 F.3d 275, 279 (4th Cir. 2000) (internal citations omitted). Further, the United States' sovereign immunity is not waived under the FTCA for "[a]ny claim arising out of assault, battery, false imprisonment, false arrest, malicious prosecution, abuse of process, libel, slander,

misrepresentation, deceit, or interference with contract rights." 28 U.S.C. § 2680(h) (emphasis added); see 42 U.S.C. § 405(h) ("No action against the United States, the Commissioner of Social Security, or any officer or employee shall be brought under … 1346 [FTCA] of Title 28 to recover on any claim arising under this subchapter."); Jarrett v. United States, 874 F.2d 201, 204-05 (4th Cir. 1989) (holding that § 405(h) bars action for intentional infliction of emotional distress by wrongful termination of benefits because such claim arose under the Social Security Act). To the extent that Plaintiff attempts to assert claims for defamation, malicious prosecution, and/ or false arrest, no such claim has been exhausted and the United States' sovereign immunity has not been waived as to any such tort claim. These claims will therefore be dismissed.

Plaintiff's attempt to state a civil rights claim also fails. Title 42, Section 1983 and Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971), impose liability on government actors for constitution violations. See Holly v. Scott, 434 F.3d 287, 301 (4th Cir. 2006). Section 1983 applies to state actors and Bivens applies to federal actors. Id. However, a Bivens action cannot be brought against a federal agency, F.D.I.C. v. Meyer, 510 U.S. 471, 114 S.Ct. 996, 127 L.Ed.2d 308 (1994), and the types of claims Plaintiff attempts to raise, *i.e.*, that evidence was suppressed, he received ineffective assistance of counsel, and he is actually innocent of his federal conviction, are not cognizable because they would necessarily imply the invalidity of the conviction. See generally Heck v. Humphrey, 512 U.S. 477 (1994); Stephenson, 28 F.3d at 27 & n.1 (Heck applies equally to civil rights actions against federal officials under Bivens); see also (3:17-cv-203, Doc. No. 6) (dismissing Plaintiff's § 1983 action raising similar claims as barred by Heck and as frivolous). Further, Plaintiff has failed to allege that Defendants had any involvement in Plaintiff's federal criminal case, and thus in the alleged constitutional violations relating to it, whatsoever.

9

Finally, Plaintiff purports to sue under the FCRA. He claims that Defendants are continuing to disclose information that he is a "terrorist," by which he appears to refer to his conspiracy conviction and the SSA exclusion, and that the information is more than seven years old. See (Doc. No. 1 at 7).

The FCRA provides a cause of action for a consumer against a consumer reporting agency and furnisher of information with regards to the consumer's credit report. Plaintiff supports this claim with Exhibit 2 to his Complaint, a printout from "References-etc., Inc.," identifying Plaintiff as the "applicant" and referring to a search completion date of July 15, 2019. (Doc. No. 1-2). The section of the document entitled "The OIG List of Excluded Individuals/Entities" provides that there is an exact match for Plaintiff's name and date of birth with a "Source Type" of "terrorist." (Doc. No. 1-2 at 7).

The portion of the FCRA upon which Plaintiff appears to rely is § 1681c, which places limits on the age of certain negative credit information that may be reported. Information that cannot be included in a consumer report includes any records of arrest or any other adverse item of information "other than records of convictions of crimes" which antedate the report by more than seven years. 15 U.S.C. § 1681c(a)(2), (5). Plaintiff cannot proceed against Defendant Francis on this claim because an FCRA action can only be brought against a CRA or furnisher of information and Plaintiff has not plausibly alleged that such is the case. Nor can Plaintiff assert a claim for violating § 1681c against HHS-OIG, assuming arguendo that it is a furnisher, because the FCRA contains no general waiver of sovereign immunity. [3] See Robinson v. United States Dep't of Educ., 917 F.3d 799, 803–04 (4th Cir. 2019), *cert. denied sub nom.* Robinson v. Dep't of Educ., 2020 WL 1906555 (U.S. Apr. 20, 2020). The Fourth Circuit has recognized the "one explicit waiver of sovereign immunity," §

---

[3] Moreover, information about Plaintiff's conviction is not subject to the seven-year limit. 15 U.S.C. § 1681c(a)(5).

10

Case 3:20-cv-00068-RJC-DSC   Document 7   Filed 05/18/20   Page 10 of 12

1681u, wherein the FBI is empowered to obtain information from CRAs in connection with counterterrorism efforts. That section makes "[a]ny agency or department of the United States obtaining or disclosing any consumer reports, records, or information contained therein … liable to the consumer to whom such consumer reports, records, or information relate" for statutory, actual, and sometimes punitive damages. 15 U.S.C. § 1681u(j). Plaintiff fails to assert a plausible claim under § 1681u(j). Plaintiff's Complaint outlines his prosecution and conviction for healthcare fraud and subsequent exclusion from federal healthcare programs. He fails to allege that HHS-OIG obtained information about him in connection with counterterrorism efforts or that it disclosed such information that is now part of his CRA. Plaintiff has failed to state a plausible FCRA claim, and therefore, it will be dismissed as frivolous and for failure to state a claim.

Because Plaintiff has failed to state a claim that is sufficient to pass initial review, Defendant HHS-OIG's Motion to Dismiss will be denied as moot.

In sum, Plaintiff's Complaint suffers from numerous deficiencies and fails to state a claim against Defendants. The Court will allow Plaintiff the opportunity to amend his Complaint in accordance with the terms of this Order, if he so chooses.

## IV. CONCLUSION

For the reasons stated herein, the Application to proceed *in forma pauperis* is granted, the Complaint will be dismissed for failure to state a claim upon which relief can be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(i)-(ii), and Defendant HHS-OIG's Motion to Dismiss will be denied as moot. Plaintiff shall have thirty (30) days in which to amend his Complaint in accordance with this Order.

**IT IS, THEREFORE, ORDERED** that:

1. Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs,

(Doc. No. 2), is **GRANTED**.

2. The Complaint is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(i)-(ii). Plaintiff shall have thirty (30) days in which to amend the Complaint to state a claim upon which relief can be granted. If Plaintiff fails to amend the Complaint in accordance with this Order and within the time limit set by the Court, this action will be dismissed without prejudice and without further notice to Plaintiff.

3. Defendant HHS-OIG's Motion to Dismiss and in the Alternative for Summary Judgment, (Doc. No. 3), is **DENIED** as moot.

Signed: May 18, 2020

Robert J. Conrad, Jr.
United States District Judge