UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:20-cv-68-RJC-DSC

| | |
|---|---|
| GIRAUD HOWARD HOPE, | ) |
| Plaintiff, | ) |
| v. | ) ORDER |
| DEPARTMENT OF HEALTH AND HUMAN SERVICES, et al., | ) |
| Defendants. | ) |

**THIS MATTER** is before the Court on initial review of the *pro se* Amended Complaint, (Doc. No. 8). Defendant United States Department of Health and Human Services, Office of the Inspector General, Office of Investigations ("HHS-OIG"), has filed a Motion to Dismiss and in the Alternative for Summary Judgment, (Doc. No. 9). Plaintiff is proceeding *in forma pauperis*. (Doc. No. 7).

**I.     BACKGROUND**

Plaintiff, a psychologist who resides in Charlotte, filed this lawsuit based on federal question jurisdiction pursuant to the Fair Credit Reporting Act of 1970 ("FCRA"), the Civil Rights Act of 1964, and the First, Fourth, Fifth, and Fourteenth Amendments. In the Complaint, Plaintiff sought relief from his 10-year exclusion from federal health care programs pursuant to a federal conviction for conspiracy to commit healthcare fraud. See (Doc. No. 1). The Complaint was dismissed for failure to state a claim upon which relief may be granted and Plaintiff was provided the opportunity to amend. (Doc. No. 7). The Amended Complaint is now before the Court for initial review.

Plaintiff names as Defendants: HHS-OIG; Assistant United States Attorney Gill Beck; and U.S. Department of Health and Human Services Senior Counsel, Office of the Inspector General,

1

Lisa Veigel.[1]

Plaintiff alleges that he discovered, through an employment background check, that there is publicly available information about him having criminal convictions and labeling him as a terrorist. (Doc. No. 8 at 13). Plaintiff claims that this information is "untrue, derogatory, malicious and indefinitely damaging to plaintiff's academic, professional and personal character." (Doc. No. 8 at 14).

Plaintiff claims that the source of the information about him being a terrorist and having criminal convictions may be based on unwarranted surveillance. (Doc. No. 8 at 14). He suggests that agencies such as the United States Marshals Service, Bureau of Prisons, FBI, HHS-OIG, and others may have taken part in the "creation of this entire narrative" of Plaintiff as a terrorist. (Doc. No. 8 at 14-16). He claims that the unwarranted surveillance, acts of espionage and "scheming tactics" to build a case against him resulted in fabricated charges, in violation of the First Amendment. (Doc. No. 8 at 16-17). Plaintiff does not know if the unwarranted surveillance continues, which would violate the Fourth and Fifth Amendments. (Doc. No. 8 at 14).

Plaintiff claims that the public posting of information about his convictions and labeling him a terrorist are violations of the FCRA. It appears that Plaintiff seeks to hold liable the Credit Reporting Agency ("CRA") that disseminated the allegedly false information or the furnisher of that information. Plaintiff may be alleging that HHS and/or several federal agencies could have been the CRA or furnisher of the information. See (Doc. No. 8 at 15-16).

As injury, Plaintiff alleges that Defendants' labeling of him as a "terrorist" demonstrates unfair bias and has resulted in a "significant probability [that] plaintiff will never be allowed to

---

[1] Defendant HHS-OIG filed this Motion on special appearance as it has not yet been served. See (Doc. No. 10 at 1 n.2). Defendant notes that the appropriate party is HHS, not Mr. Beck or Ms. Veigel, but nevertheless the same defenses apply to those Defendants. (Id. at 1 n.1).

return to his discipline for work, or practice in his chosen profession" and that that he will be denied access to institutions that rely on public funding such as hospitals and universities. (Doc. No. 8 at 10). He further claims that being labeled as a terrorist will likely result in permanent neurological injury, "is equivalent to sustaining a death sentence," and may result in diagnosable clinical disorders and increased potential for suicide. (Doc. No. 8 at 13).

Plaintiff seeks injunctive relief and compensatory and punitive damages.

HHS-OIG has filed a Motion to Dismiss and in the Alternative for Summary Judgment, (Doc. No. 10). It asserts that the Complaint should be dismissed for lack of subject-matter jurisdiction, failure to state a claim upon which relief can be granted, and failure to effect proper service on HHS-OIG. It alternatively argues that summary judgment should be granted based on the administrative record.

## II.   STANDARD OF REVIEW

Because Plaintiff is proceeding *in forma pauperis*, the Court must review the Complaint to determine whether it is subject to dismissal on the grounds that it is "frivolous or malicious; fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(i)-(iii). The Court must determine whether the Complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989).

Rule 8(a)(2) of the Federal Rules of Civil Procedure requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Erickson v. Pardus, 551 U.S. 89, 93 (2007). The statement of the claim does not require specific facts; instead, it "need only 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" Id. (quoting Bell Atlantic

3

Corp. v. Twombly, 550 U.S. 544, 555 (2007)). However, the statement must assert more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." Twombly, 550 U.S. at 555. A *pro se* complaint must be construed liberally. See Haines v. Kerner, 404 U.S. 519, 520 (1972). The liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in the complaint which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

**III.     DISCUSSION**

The Amended Complaint is rambling, and the claims are far from clear. It appears that Plaintiff is attempting to set forth the same SSA, FTCA, and Bivens claims that he included in the original Complaint, and they fail for the same reasons. See (Doc. No. 7).

The only claim that Plaintiff appears to have modified in any meaningful way is the claim seeking relief under the FCRA. The original claim was dismissed because Plaintiff did not seek relief against a CRA or furnisher of information as barred by sovereign immunity. In the Amended Complaint, it appears that Plaintiff is attempting to state a claim against a CRA and/or a furnisher of information. However, his allegations in this regard are confusing and Plaintiff fails to identify the CRA against which he is attempting to proceed. (Doc. No. 8 at 15); see Fed. R. Civ. P 8(a)(2) (a short and plain statement of the claim is required). To the extent that Plaintiff is attempting to reassert the FCRA claim he raised in the original Compliant against HHS-OIG and other government agencies, it is subject to dismissal for the same reasons stated in the original Order on initial review. See (Doc. No. 7).

In sum, Plaintiff has failed to state a plausible claim against any Defendant. The Amended Complaint will therefore be dismissed.

## IV. CONCLUSION

For the reasons stated herein, the Amended Complaint will be dismissed in accordance with this Order. HHS-OIG's Motion to Dismiss and in the Alternative for Summary Judgment will be denied as moot.

**IT IS, THEREFORE, ORDERED** that:

1. The Amended Complaint, (Doc. No. 8), is **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

2. Defendant HHS-OIG's Motion to Dismiss and in the Alternative for Summary Judgment, (Doc. No. 9), is **DENIED** as moot.

3. The Clerk is instructed to close this case.

Signed: June 16, 2020

Robert J. Conrad, Jr.
United States District Judge