UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:20-cv-68-RJC-DCK

| | |
|---|---|
| GIRAUD HOWARD HOPE, ) ) Plaintiff, ) ) v. ) ) DEPARTMENT OF HEALTH AND ) HUMAN SERVICES and JOANN ) M. FRANCIS, ) ) Defendants. ) ) | ORDER |

**THIS MATTER** comes before the Court on *pro se* Plaintiff Giraud Howard Hope's ("Hope") Motion to Reconsider. (Doc. No. 17.)

I. BACKGROUND

On February 3, 2020, Plaintiff filed a Complaint against the Department of Health and Human Services. (Doc. No. 1.) The Complaint was rambling and the claims therein were far from clear, but ultimately Plaintiff sought relief from his 10-year exclusion from federal health care programs pursuant to a federal conviction for conspiracy to commit healthcare fraud. (Id.) The Court dismissed this Complaint on May 18, 2020, because Plaintiff failed to state a claim upon which relief could be granted. (Doc. No. 7.) Plaintiff amended the Complaint on June 2, 2020, but the Amended Complaint suffered from the same rambling lack of clarity. (Doc. No. 8.) The Court dismissed the Amended Complaint on June 17, 2020 for the same reasons, and instructed the clerk to close the case. (Doc. No. 11.)

1

Plaintiff appealed this decision to the Fourth Circuit. (Doc. No. 14.) Prior to the Appellate Court's consideration, Plaintiff also filed a Motion for Reconsideration, which appears to be addressed to this Court but the language of which suggests it might have been intended to be read on appeal. (Doc. No. 17.) The motion is similarly difficult to follow, but essentially argues that the Court can reach a decision on the merits, and regurgitates Plaintiff's claims in a new form against new government entities. (Id.)

## II. STANDARD OF REVIEW

Although the Federal Rules of Civil Procedure do not specifically address motions for reconsideration, they come "in the nature of a motion to alter or amend the prior judgment of the Court under Rule 59(e)," Christian v. Moore, No. 3:13-cv-100-FDW-DSC, 2013 WL 937764, at *1 (W.D.N.C. Mar. 11, 2013), and "are allowed in certain, limited circumstances," Wiseman v. First Citizens Bank & Trust Co., 215 F.R.D. 507, 509 (W.D.N.C. 2003). The purpose of a motion to reconsider is to present the Court with newly discovered evidence or to correct manifest errors of law in a prior order. DirecTV, Inc. v. Hart, 366 F. Supp. 2d 315, 317 (E.D.N.C. 2004) (quoting Harsco Corp. v. Zlotnicki, 779 F.2d 906, 909 (3rd Cir. 1985)). "Such problems rarely arise and the motion to reconsider should be equally rare." Wiseman, 215 F.R.D. at 509 (quoting Above the Belt, Inc. v. Mel Bohannan Roofing, Inc., 99 F.R.D. 99, 101 (E.D. Va. 1983)).

## III. DISCUSSION

It is not entirely clear whether Plaintiff sought to ask the Appellate Court to reconsider this Court's ruling, or whether he asks this Court to reconsider its own ruling and simultaneously amend his Complaint. Under either alternative the motion will be denied.

In reaching its decisions to dismiss both the original Complaint and the Amended Complaint, this Court based its rulings on the unclear nature of Plaintiff's claims, providing no basis on which the Court could grant relief. (Docs. Nos. 7, 11.) Plaintiff here presents no newly discovered evidence, see DirecTV, 366 F. Supp. 2d at 317, and does not propose a cognizable manifest error of law. Further, it appears that Hope's true intent is simply to rehash his allegations in a new form. (Doc. No. 17.) If Plaintiff's motion was directed towards this Court, then even if the Court were willing to accept essentially a new Amended Complaint under the banner of a Motion to Reconsider, the motion would be denied for failure to present new evidence or an error of law, and the new Complaint would be dismissed for the same reason as the prior two. In the alternative, if the motion was directed towards the Appellate Court, then the motion would be denied as moot because it was filed prior to the Appellate Court's consideration of the dismissal – and the Appellate Court has subsequently affirmed the dismissal of the Amended Complaint.

## IV. CONCLUSION

A motion to reconsider cannot "merely ask[] the court 'to rethink what the Court had already thought through—rightly or wrongly.'" DirecTV, Inc., 366 F.

Supp. 2d at 317 (quoting <u>Harsco</u>, 779 F.2d at 909).  Nor is it proper for the Court to entertain new, unrelated arguments, presented for the first time.  <u>Wiseman</u>, 215 F.R.D. at 509.  No matter the court to which this Motion for Reconsideration was addressed, the motion is denied.

**IT IS, THEREFORE, ORDERED** that:

1. Plaintiff's Motion to Reconsider, (Doc. No. 17), is **DENIED**; and

2. The clerk is instructed to close the case.

Signed: March 10, 2021

Robert J. Conrad, Jr.
United States District Judge